JODI LINKER
Federal Public Defender
KARTHIK RAJU
Assistant Federal Public Defender
19th Floor Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7700

Counsel for Defendant SANCHEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 26-00034 SK |
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| MARLON ALEXANDER SANCHEZ, | |
| Defendant. | Court: Hon. Sallie Kim<br>Date: April 27, 2026<br>Time: 11:30 a.m. |

## INTRODUCTION

Marlon Sanchez stands before the Court having accepted responsibility early and without hesitation, entering into a negotiated plea that reflects both the seriousness of this misdemeanor offense and the reality of who he is. Mr. Sanchez is 25 years old, with no felony convictions, and a history that reflects instability and untreated substance abuse issues more than calculated criminality. He is also a veteran of military service in his home country, having served as an infantry soldier in Colombia as a young man. He has already spent months in custody, and whatever sentence this Court imposes will be followed by his removal from the United States. That reality matters. A four-month sentence is a meaningful punishment that recognizes the harm

*U.S. v. Sanchez*, 26-00034 SK
Defendant's sentencing memo

1

caused here, while also acknowledging that continued incarceration serves little purpose where the consequence is deportation and permanent separation from this country.

## ARGUMENT

### I. THE PARTIES' JOINT RECOMMENDATION REFLECTS A CAREFUL AND APPROPRIATE RESOLUTION OF THIS CASE

This case comes before the Court in a posture that should matter. Both parties have agreed that a four-month sentence is the appropriate disposition, and that agreement is not casual or convenient. It reflects a considered judgment about the misdemeanor conduct and the person standing before the Court. Mr. Sanchez accepted responsibility early, pleaded guilty, and did so without forcing the government to expend further resources litigating a misdemeanor case that, while serious, is not complex. That early resolution is exactly the kind of conduct the system is designed to encourage, and it should be given real weight.

As to the criminal history calculation, it does appear that Probation is technically correct that each offense is scored separately because they were separated by intervening arrests. *See* USSG §4A1.2(a)(2). But that is not the end of the analysis. All of these sentences were imposed on the same day—January 15, 2026—which strongly suggests they were treated as a single, consolidated episode by the state court. PSR ¶¶ 27–32. The spirit of § 4A1.2(a)(2) recognizes that where cases are resolved together, they may reflect a single period of aberrant behavior rather than a pattern of recidivism. That is precisely what occurred here. The offenses were committed within a very short and discrete period of time and were driven by instability and substance use, not by a sustained or escalating course of criminal conduct. *Id*. Treating each conviction as fully *independent* for criminal history purposes overstates the seriousness of Mr. Sanchez's record and warrants a variance to the negotiated sentence.

The agreed-upon sentence also reflects the limited nature of this case. Mr. Sanchez pled to a single count of assault by striking under 18 U.S.C. § 113(a)(4), a Class A misdemeanor carrying a maximum of one year. The guideline calculation yields an offense level of 7, driven by a base level of 7, a two-level increase for bodily injury, and a reduction for acceptance of responsibility.

*U.S. v. Sanchez*, 26-00034 SK
Defendant's sentencing memo

In other words, this is not a case involving weapons, prolonged violence, or escalating conduct. It is a brief, isolated incident for which Mr. Sanchez has acknowledged fault and expressed remorse. The four-month resolution strikes the right balance. It imposes real punishment for Mr. Sanchez's single punch on a city bus while recognizing the limits of what further incarceration can achieve in this case. Mr. Sanchez has already been in continuous custody on this case since his arrest in January 2026. PSR ¶ 5. Moreover, before being transferred into federal custody, he previously served the equivalent of more than a year in custody on misdemeanor cases, reflecting that he has already experienced significant punishment for non-felony conduct. *Id*. ¶¶ 27–32. The negotiated sentence ensures that he serves a meaningful custodial term but does not impose a sentence that is disproportionate to the offense or untethered from the realities of this case. It is a resolution grounded in proportionality, efficiency, and fairness, and it is one the Court should accept.

It should be noted that the JSIN data cited in the PSR offers little meaningful guidance here. *Id*. ¶¶ 81-84. This is a misdemeanor case with a one-year statutory maximum, and JSIN data is overwhelmingly driven by felony sentencing practices, where the ranges, stakes, and plea dynamics are entirely different. In that context, comparisons are inherently distorted. Moreover, in a misdemeanor case like this, it is virtually unheard of for a defendant to plead guilty in exchange for exposure to the statutory maximum; negotiated resolutions necessarily reflect that reality. The JSIN snapshot therefore does not provide a reliable benchmark for what is appropriate in this case.

## II. THE SENTENCING FACTORS UNDER § 3553(A) SUPPORT THE PARTIES' AGREEMENT: IT PROVIDES REAL PUNISHMENT AND DETERRENCE WITHOUT IMPOSING A SENTENCE GREATER THAN NECESSARY

In sentencing Mr. Sanchez, this Court must consider all the directives set forth in 18 U.S.C. section 3553(a); the sentencing guidelines are only one factor among many to be considered by the Court. *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of section 3553(a). *United*

*U.S. v. Sanchez*, 26-00034 SK
Defendant's sentencing memo

*States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted).  Those goals include the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.  *See* 18 U.S.C. § 3553(a)(2).  Section 3553(a) also directs the court to consider a number of additional factors, including the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and, the need to provide restitution to any victims of the offense, § 3553(a)(7).

Here, there are significant factors under 18 U.S.C. § 3553(a) that support the agreed-upon disposition. First, Mr. Sanchez accepted responsibility early and without qualification, pleading guilty and acknowledging that he "should not have done it." PSR ¶¶ 3, 14. Early acceptance conserves judicial resources and reflects a willingness to take accountability that should be encouraged, not discounted.

Second, the nature and circumstances of the offense, while serious, are limited. This was a single incident in which Mr. Sanchez struck a bus driver, causing a cut to the victim's nose. *Id*. ¶¶ 8, 17. There was no weapon involved, no prolonged assault, and no evidence of planning. The conduct was brief and impulsive. A four-month sentence is sufficient to reflect the seriousness of that conduct, promote respect for the law, and provide just punishment, without overstating what occurred.

Third, Mr. Sanchez's history and characteristics reflect instability rather than entrenched criminality. He is 25 years old, was born in Colombia, has no legal status in the United States, and speaks very little English. *Id*. ¶¶ 50, 59. He has no felony convictions, and his criminal history

*U.S. v. Sanchez*, 26-00034 SK
Defendant's sentencing memo

4

consists entirely of misdemeanor offenses arising within a compressed period of time. *Id.* ¶¶ 27–32. The record reflects a life marked by transience, limited support, and substance use, including daily marijuana use prior to his arrest. *Id.* ¶¶ 51, 58. His prior contacts with law enforcement often involved erratic behavior and poor decision-making, not sophisticated or organized criminal conduct. That context does not excuse what happened here, but it does explain it—and it counsels against a sentence that treats Mr. Sanchez as something he is not.

Finally, the need for deterrence and protection of the public is adequately addressed by the sentence the parties propose. Mr. Sanchez has been in continuous custody since January 2026, following a period of state custody that resulted in the equivalent of more than a year-long sentence on misdemeanor cases before his immediate transfer to federal custody. *Id.* ¶ 5. More importantly, he will almost certainly be removed from the United States upon completion of his sentence. *Id.* ¶ 49. That reality sharply limits any risk of future conduct in this district and diminishes the marginal utility of additional incarceration. A four-month sentence imposes real punishment while recognizing that deportation will follow, making a longer custodial term greater than necessary to achieve the goals of § 3553(a).

## III. MR. SANCHEZ'S CONDUCT AND BACKGROUND WARRANT ACCOUNTABILITY, NOT A YEAR IN CUSTODY

Mr. Sanchez's conduct warrants punishment. He struck a bus driver and caused injury, and nothing in this submission minimizes that. The victim suffered a laceration and pain, and the incident was understandably frightening. *Id.* ¶¶ 8, 11. But the record also makes clear what this case is and what it is not. This was a momentary, unplanned outburst rather than a sustained attack or the product of deliberate, calculated violence. *Id.* ¶¶ 8–9. A sentence approaching the statutory maximum would treat this case as something far more aggravated than the facts support.

At the same time, Mr. Sanchez's background reflects a young man in the midst of instability rather than someone who has settled into entrenched criminal conduct. He is 25 years old, with no felony convictions, and his criminal history is composed entirely of misdemeanor

*U.S. v. Sanchez*, 26-00034 SK
Defendant's sentencing memo

5

offenses concentrated in a short period. *Id*. ¶¶ 27–32. Many of those contacts with law enforcement reflect erratic behavior, substance use, and homelessness rather than planning or sophistication. *Id*. That does not excuse what happened here, but it provides important context. The Court is not sentencing a seasoned offender who has ignored prior meaningful sanctions; it is sentencing a young man whose conduct reflects instability and poor judgment, and who has now accepted responsibility for his actions.

A year in custody would not meaningfully advance the purposes of sentencing in this case. It would not better reflect the seriousness of the offense, nor would it provide additional deterrence beyond what a four-month sentence already accomplishes, particularly given the near certainty that Mr. Sanchez will be removed from the United States upon his release. *Id*. ¶ 49. What it would do is impose a sentence greater than necessary under § 3553(a), untethered from the actual conduct and the person before the Court.

## IV.  MR. SANCHEZ IS LOOKING AHEAD TO A FUTURE DEFINED BY STABILITY, NOT SURVIVAL

Mr. Sanchez is looking ahead to a future defined by stability, not survival. He has expressed a desire to continue his education, including studying languages and criminology, and to build a lawful life upon his return to Colombia. PSR ¶ 53. That may sound modest, but for someone who has spent the last several years moving between jobs, locations, and periods of instability, it reflects a meaningful shift in direction. His prior work in construction and service jobs shows he is capable of supporting himself through legitimate means when given the structure to do so. *Id*. ¶ 61. He is still young, and this case represents a point where the Court's sentence can either reinforce that forward-looking path or impose a punishment that exceeds what is necessary to achieve it. A four-month sentence holds him accountable while allowing him to move forward without the weight of unnecessary additional incarceration. Combined with the reality that he will be removed from the United States, it creates a clear break from the circumstances that brought him here. This is not a case where more time will produce a better outcome. It is a case where a measured sentence will.

*U.S. v. Sanchez*, 26-00034 SK
Defendant's sentencing memo

**CONCLUSION**

In consideration of all of the factors set forth in 18 U.S.C. § 3553(a), Mr. Sanchez respectfully submits that a sentence of four months in custody together with one year of supervision is sufficient, but not greater than necessary, to achieve the purposes of sentencing articulated by Congress.


DATED: April 20, 2026                              Respectfully submitted,

                                                   JODI LINKER
                                                   Federal Public Defender

                                                           /S/

                                                   KARTHIK RAJU
                                                   Assistant Federal Public Defender

*U.S. v. Sanchez*, 26-00034 SK
Defendant's sentencing memo

7